NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1002

SHARON GENIN & others[1]

vs.

KEVIN ZURRIN & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs brought suit under the Zoning Act, G. L. c. 40A, § 17, claiming that the zoning board of appeals of Egremont (ZBA) erred by constructively granting defendant Kevin Zurrin's application for a special permit to operate a marijuana cultivation establishment.  While the suit was pending, the town of Egremont (town) adopted amendments to its general bylaws that prohibited a number of marijuana-related activities, including marijuana cultivation, within the town.  The town then moved for summary judgment on the ground that the plaintiffs' claims were moot.  A Land Court judge allowed the town's motion and, in

_____

[1] Guy Genin, Sherri L. Klinghoffer, Teddy D. Klinghoffer, and 5 Townhouse Hill Associates, LLC.

[2] Jennifer M. Simms, individually and as executrix of the estate of William R. Simms; Bradford E. Simms; Town of Egremont; and the zoning board of appeals of Egremont.

doing so, issued a declaration that the general bylaws, as amended, barred Zurrin's proposed marijuana cultivation operation. Zurrin and defendant Jennifer Simms (together, private defendants) appeal, challenging the applicability of the general bylaws. We affirm.

Background. In October 2020 Zurrin submitted a special-permit application to the ZBA on behalf of Marijuana Via Permaculture, seeking to operate a marijuana cultivation establishment at 10 Town House Hill Road in South Egremont.[3] The ZBA took no action on the application, evidently because the town's counsel had advised it and other local boards that marijuana cultivation was allowed as of right as an agricultural use under the town's zoning bylaws. The plaintiffs, who are abutters to the proposed site, then filed the underlying complaint asserting two counts: In count I they sought annulment of the "constructive" grant of the special permit under the Zoning Act, and in count II they sought a declaration under G. L. c. 240, § 14A, as to the application and validity of the zoning bylaws.

In May 2021, while the suit was pending, the town's citizens voted in favor of a ballot question approving a general

---

[3] According to the complaint, Jennifer Simms has an ownership interest in 10 Town House Hill Road; Zurrin resides there; and Marijuana Via Permaculture is a "business name for defendant Zurrin individually."

2

bylaw amendment that would prohibit marijuana cultivation operations in the town. In June 2021 the town amended its general bylaws in accordance with the vote. Paragraph 19.5 of the amended general bylaws now reads, "The operation of a marijuana cultivator shall be prohibited in the Town of Egremont."

Following the Supreme Judicial Court's decision in Haven Center, Inc. v. Bourne, 490 Mass. 364 (2022), which we discuss further below, the town moved for summary judgment on the ground that its adoption of general bylaw 19.5 rendered the plaintiffs' claims moot. The private defendants filed an opposition. After a hearing the judge allowed the town's motion, dismissed count I with prejudice, and declared as to count II that the private defendants' "proposed marijuana cultivation operation is not subject to the [zoning bylaws] but is instead banned by the Town's general bylaw 19.5." The private defendants appeal from the declaration.[4]

Discussion. General Laws c. 94G, § 3 (a) (2), permits a town to adopt bylaws restricting or banning the operation of marijuana establishments within town borders, subject to certain

---

[4] Although the town is nominally a defendant, its interests became adverse to those of the private defendants once it adopted general bylaw 19.5. The private defendants raise no argument that it was procedurally improper for the judge to issue the declaration on the town's motion or that they were not given an adequate opportunity to respond to the motion.

voting and procedural requirements. See Haven Center, Inc., 490 Mass. at 366. Here, the judge found, and the private defendants do not contest, that the town complied with all of the statutory requirements when adopting general bylaw 19.5. Nonetheless, the private defendants argue that general bylaw 19.5 does not apply to their business because it effected a zoning change, thereby "trigger[ing] a zoning freeze for [their] property" under the Zoning Act.

We agree with the judge that this argument is foreclosed by Haven Center, Inc., 490 Mass. at 369-370. There, the Supreme Judicial Court held that a general bylaw adopted by the town of Bourne, prohibiting all commercial recreational marijuana establishments within the town, was not a zoning bylaw and thus not subject to the requirements of the Zoning Act. See id. at 370. In so concluding, the Supreme Judicial Court relied on the following factors: General Laws c. 94G, § 3 (a) (2), authorizes municipalities to ban marijuana establishments "by either a general or a zoning bylaw"; the town of Bourne "did not have a history of comprehensively regulating recreational marijuana establishments through zoning bylaws"; and "the dominant purpose" of the general bylaw was "to ban all recreational marijuana establishments from the town pursuant to G. L. c. 94G, § 3 (a) (2)," without regard to "the use of land for such

4

establishments, the compatibility with nearby uses, or the character of the community."  Id. at 369-370.

The judge concluded that each of these factors also applied in this case.  She found in particular that the town "has not historically regulated marijuana establishments by zoning bylaws" and that general bylaw 19.5 is "an outright ban on marijuana cultivation and otherwise silent regarding the use of land in the town for such a purpose, the compatibility with nearby uses, and the character of the community."  We discern no error in these conclusions, which the private defendants do not challenge on appeal.  Instead, they attempt to distinguish Haven Center, Inc. on the basis that "the Bourne ban was upheld primarily because Bourne had previously enacted a bylaw to prohibit for profit marijuana shops."  They provide no citation for this assertion, however, and we see no support for it in the Supreme Judicial Court's opinion.

The private defendants also assert that general bylaw 19.5 cannot be applied to them because they "had already lawfully begun their business" when the bylaw was adopted.  We need not consider this assertion because it is made in conclusory fashion without citation to legal authority.  See Halstrom v. Dube, 481 Mass. 480, 483 n.8 (2019).  Moreover, even putting aside the waiver and further assuming that general bylaw 19.5 would not

apply to preexisting uses,[5] the private defendants do not dispute that they had yet to receive the necessary approvals for their business, including from the Cannabis Control Commission. Their argument fails for at least this reason. Cf. Haven Center, Inc., 490 Mass. at 365-366 (plaintiff's business subject to general ban even though it had received provisional certificate of registration from Cannabis Control Commission, begun negotiating host community agreement, and signed lease for proposed site).

To the extent we have not specifically addressed any of the private defendants' arguments, we see nothing in them that warrants overturning the judge's decision.

Judgment affirmed.

By the Court (Vuono, Shin & Toone, JJ.[6]),

Assistant Clerk

Entered: April 19, 2024.

---

[5] But see Spenlinhauer v. Barnstable, 80 Mass. App. Ct. 134, 137-138 (2011) ("changes in zoning ordinances protect some prior existing uses, . . . but general ordinances typically do not").

[6] The panelists are listed in order of seniority.